IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JACKSON NATIONAL LIFE INSURANCE
COMPANY,

    Plaintiff,                                         Case No. 3:16-CV-00622

v.

FIRST UNITED METHODIST CHURCH OF
PENSACOLA, and JOSEPH DONALD
WEATHERFORD,

    Defendants
_____/

**DEFENDANT WEATHERFORD'S OPPOSITION TO PLAINTIFF'S
MOTION FOR ORDER OF INTERPLEADER, DISMISSAL, AND
PAYMENT OF ATTORNEY'S FEES (ECF No. 15)**

      Defendant Weatherford does not generally oppose Plaintiff's request for interpleader. Defendant opposes (1) Plaintiff's request for attorney's fees and costs and (2) Plaintiff's request for an affirmative disclaimer of liability. Authority in this Circuit consistently rules that attorney's fees are not available to a plaintiff in an interpleader action arising from actions in the plaintiff's normal course-of-business. This rule is particularly applicable to insurers like Jackson, and an award of attorney's fees is not warranted because Jackson should anticipate disputes regarding life insurance beneficiary forms in its normal-course-of-business. It would separately be premature for the Court to provide Plaintiff with a broad

1

release or disclaimer from any liability arising from the Policy or Jackson's potentially tortious actions.

## ARGUMENT

### I. Plaintiff is not entitled to attorney's fees.

An "interpleader plaintiff has no absolute right to recover its fees and costs." *Am. Gen. Life Ins. Co. v. Jones*, No. CIV A 08-0211-WS-B, 2008 WL 4949847, *3 (S.D. Ala. Nov. 13, 2008) (noting that trial court retains "broad discretion" in determining whether to allow recovery of fees and costs). The Eleventh Circuit previously identified circumstances where attorney's fees are "not warranted" in an interpleader action. *In re Mandalay Shores Co-op. Hous. Ass'n, Inc.*, 21 F.3d 380, 383 (11th Cir. 1994). For instance, "when a stakeholder's interpleader claim arises out of the normal course of business" attorney's fees should be denied. *Id*. This standard "typically is applied to insurance companies" in interpleader actions. *Id*.; *see also Campbell v. N. Am. Co. for Life & Health Ins.*, No. 3:04CV1118 JTEM, 2007 WL 2209249, at *6 (M.D. Fla. July 30, 2007). As the Eleventh Circuit explained in *Mandalay Shores*:

> The principle behind the normal-course-of-business standard is simple: an insurance company, for example, avails itself of interpleader to resolve disputed claims to insurance proceeds—disputes that arise with some modicum of regularity. In a sense, the insurance company will use interpleader as a tool to allocate proceeds and avoid further liability. As the costs of these occasional interpleader actions are foreseeable, the insurance company easily may allocate the costs of these suits to its customers. Unlike innocent

>stakeholders who unwittingly come into possession of a disputed asset, an insurance company can plan for interpleader as a regular cost of business and, therefore, is undeserving of a fee award.

21 F.3d at 383.

Disputes regarding proper beneficiaries and changes of beneficiary forms are quite common for life insurance companies. *See, e.g.*, *Campbell*, No. 3:04CV1118 JTEM, 2007 WL 2209249, at *2 ("An apparent dispute arose over whether the decedent had changed the named beneficiary to her life insurance."); *Martinez v. Saez*, 650 So.2d 668 (Fla. 3d DCA 1995) (involving a dispute regarding a change of beneficiary form signed but not mailed to the insurer prior to the insured's death). Because Plaintiff Jackson is an insurance company and should expect and anticipate disputes regarding beneficiaries of life insurance policies in the ordinary course of business, Plaintiff's requests for an award of attorney's fees must be denied.

Plaintiff bears the burden of establishing an exception to the course-of-business standard. *See, e.g.*, *Life Inv'rs Ins. Co. of Am. v. Childs*, 209 F. Supp. 2d 1255, 1256–57 (M.D. Ala. 2002) (concluding that the affidavit and the record did not demonstrate that the dispute would not be expected to arise with some regularity in the course of the insurer's business). Plaintiff Motion fails to offer any substantive proof that the course-of-business standard should not apply. Plaintiff's Motion merely complains that Jackson is ill-equipped to make a proper

determination regarding the change of beneficiary form. (ECF No. 15 at pp. 7-9). Plaintiff's conclusory language in its Motion is insufficient, and Plaintiff's request for attorney's fees should be denied.

By offering insurance and policies that permit beneficiary changes, Plaintiff should have anticipated disputes regarding changes in beneficiaries occurring. Plaintiff cannot burden the judicial system, benefit itself, and ask for an award of attorney's fees. Indeed, the "chief beneficiary" of an interpleader action is the insurance company. *Hauger v. John Hancock Life Ins. Co., (USA)*, No. 8:07CV1711T-EAJ, 2008 WL 341432, at *4 (M.D. Fla. Feb. 5, 2008). Insurance companies are simply not innocent stakeholders entitled to attorney's fees. It is unreasonable to award attorney's fees to an insurance company for bringing an action which simply further the insurer's self-interest. *See Campbell*, No. 3:04CV1118 JTEM, 2007 WL 2209249, at *6.

Plaintiff's argument that determining the proper beneficiaries is difficult in this case does not entitle Plaintiff to an award of attorney's fees. Plaintiff assumed this risk by offering and receiving profits by selling insurance policies. Insurance companies are in the "unique position to carry the cost of attorneys' fee[s] as a regular part of doing business." *Unum Life Ins. Co. of Am. v. Kaleo*, No. 6:05CV544ORL-22DAB, 2006 WL 1517257, *3 (M.D. Fla. May 24, 2006). The

present case is no different from other insurance beneficiary disputes like the one described in *Am. Gen. Life Ins. Co. v. Jones*,

> American General is a life insurance company. <u>An ordinary, routine aspect of its business is the distribution of insurance proceeds. Inevitably, disputes can be expected to arise from time to time in the ordinary course of business among claimants vying for proceeds from American General's life insurance policies</u>. For American General to file a lawsuit to eliminate the risk and hassle of dealing with conflicting claims by Melanie Jones and Donald Jones is an act motivated by American General's own self-interest. Furthermore, American General "can plan for interpleader as a regular cost of business and, therefore, is undeserving of a fee award." [] In short, American General has made no showing that it would be just or reasonable to allow it to recoup its ordinary, foreseeable costs of doing business from the insurance benefits that it was contractually obligated to pay.

No. CIV A 08-0211-WS-B, 2008 WL 4949847, at *3 (S.D. Ala. Nov. 13, 2008) (citations omitted).

None of the three cases cited by Plaintiff dictate a different result. (ECF No. 15 at p. 9). For instance, Plaintiff cites *Prudential Ins. Co. of Am. v. Boyd*, 781 F.2d 1494 (11th Cir. 1986), a pre-*Mandalay Shores* decision. The only argument on appeal in *Prudential* was whether the fees and costs should have been taxed against the interpled funds instead of the defendant. *Id*. at 1496-98. Further, it is wholly unclear whether the *Prudential* plaintiff's initial request for attorney's fees was even opposed by any of the parties. *Id*. at 1496. Nothing in the *Prudential* decision indicates that attorney's fees should be awarded to Plaintiff Jackson in this case.

Second, the *Savings Bank Life Ins. Co. of Mass. v. Carr* case directly contradicts Plaintiff's position. No. 13-61362-CIV, 2014 WL 688057 (S.D. Fla. Feb. 21, 2014). In *Carr*, the Southern District of Florida determined that the plaintiff-insurer "was not entitled to an award for fees and costs on those portions of the claims that arise out of SBLI's normal course of business." *Id.* at *1. The Court provided a limited ruling awarding "fees and costs associated with the substitute service effectuated on Defendant… whose current whereabouts are unknown after he posted bond and was released from custody on charges of manslaughter." *Id.* Plaintiff Jackson can show no similar unique or special circumstances in this case. Consistent with the holding of *Carr*, Plaintiff is not entitled to attorney's fees for the instant claim arising in the normal course of Jackson's business.

Third, *New York Like Ins. Co. v. Waxenberg* does not remotely speak to the proposition for which it was cited. Contrary to Plaintiff's claim, the pinpointed cite provided does not support the proposition that "courts in this circuit frequently award attorney's fees and costs to disinterested insurance companies facing competing claims." *Compare Waxenberg*, No. 8:07-cv-401, 2009 WL 5214986, *6 *with* (ECF No. 15 at p. 9). *Waxenberg* primarily deals with Fla. Stat. § 768.79, a Florida offer of judgment statute wholly inapplicable to this case. *Id.* at *1-6. The

other cases cited by Plaintiff throughout its Motion do not lend meaningful support for an award of attorney's fees in this case.

In sum, Plaintiff cannot overcome the presumption that an insurer-plaintiff in an interpleader action is not entitled to attorney's fees and costs. Thus, Plaintiff's request for attorney's fees should be denied.

## II. A disclaimer of liability is inappropriate at this stage in the litigation.

A plaintiff-insurer is not "automatically shield[ed]… from all liability" even when interpleader is granted. *Graziosi v. MetLife Inv'rs USA Ins. Co.*, No. 3:11-]CV-]80 CAR, 2013 WL 592394, at *4–5 (M.D. Ga. Feb. 14, 2013). The decision to discharge a stakeholder depends on whether claims or potential claims have an independent reason or basis outside the interpleader action. *Id.*

At this early stage, it would be inappropriate to entirely discharge Plaintiff Jackson from liability. While Plaintiff Jackson recently served its Rule 26(a)(1) disclosures, Jackson has not yet produced documents in connection with those disclosures. Defendant Weatherford is still investigating whether potential separate and independent claims against Jackson National could exist. For instance, it is unclear whether Jackson National promptly recorded Bo Weatherford's change of beneficiary form upon receipt, and it is possible Defendant Weatherford may be entitled to bring independent tort claims against Plaintiff Jackson. Plaintiff has not

definitively established it is entitled to any disclaimer of liability, and the Court should deny Plaintiff's request for such a disclaimer or release.

## CERTIFICATE UNDER LOC. R. 7.1(F)

This brief contains 1,573 words as measured under Loc. R. 7.1(F).

Respectfully submitted this the 10th day of March, 2017.

       /s/ Michael C. Bixby
Peter J. Mougey, Esq.
Florida Bar No. 0191825
Michael C. Bixby, Esq.
Florida Bar No. 111367
LEVIN, PAPANTONIO, THOMAS,
MITCHELL, RAFFERTY & PROCTOR, P.A.
316 South Baylen Street, Suite 600
Pensacola, FL 32502
Tel: (850) 435-7068
Fax: (850) 436-6068
Email: PMougey@levinlaw.com
Email: MBixby@levinlaw.com
Email 2: Mailsec@levinlaw.com
Attorneys for Defendant Weatherford